IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER PALMER,           :<br>    Petitioner,              :<br>                                  :<br>v.                              :<br>                                  :<br>COMMONWEALTH OF      :<br>PENNSYLVANIA,           :<br>    Respondent.             : | | CIVIL ACTION NO. 20-CV-5091 |

**MEMORANDUM**

**JONES, J.**                                                                                             **JANUARY 14, 2021**

Petitioner Walter Palmer has filed his fifth petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. (*See* ECF No. ) The claims in the instant petition attack the same 1996 conviction that underlies Palmer's previously filed petitions. *See Palmer v. McCullough, et al.*, Civ. A. No. 01-836 at doc. no. 11 (denying and dismissing petition); *Palmer v. McCullough*, Civ. A. No. 03-1654 at doc. no. 2 (dismissing petition without prejudice for lack of subject matter jurisdiction); *Palmer v. Rozum*, Civ. A. No. 11-2353 at doc. no. 3 (dismissing petition without prejudice for lack of subject matter jurisdiction); and *Palmer v. Rozum, et al.*, Civ. A. No. 12-3303 at doc. no. 5 (dismissing petition without prejudice for lack of subject matter jurisdiction).

Pursuant to the Antiterrorism and Effective Death Penalty Act, a petitioner may not file a second or successive petition for habeas corpus relied without first seeking and receiving approval from the Court of Appeals. *See Benchoff v. Colleran*, 404 F.3d 812, 917 (3d Cir. 2005). Absent such authorization, the District Court is not permitted to consider the merits of the second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). Petitioner has neither sought nor obtained an Order from the Court of Appeals for the Third Circuit granting him permission to file the instant petition, thereby allowing this

Court to consider the merits of the petition.  Accordingly, this Court does not have subject matter jurisdiction to consider it.  *Id.* at 140.

Palmer's petition is dismissed without prejudice for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

***/s/* C. Darnell Jones, II**
**C. Darnell Jones, II   J.**